SINFORIANO BURGOS SANTOS, recurrente, *v.* EL REGISTRADOR DE CAGUAS, recurrido.

No. 677.—*Sometido:* Marzo 28, 1927. *Resuelto:* Abril 27, 1927.

1. REGISTROS DE LA PROPIEDAD—EN GENERAL.—En el registro debe constar la historia clara de las fincas, de sus transferencias y transformaciones.

2. INSCRIPCIONES—ESCRITURA SOBRE RECTIFICACIÓN DE FINCA—DENEGATORIA DE INSCRIPCIÓN—EN GENERAL.—Cuando los datos proporcionados por un interesado no son bastantes para que la transformación de una finca resulte clara del registro, procede denegar la inscripción de la finca así transformada.

3. INSCRIPCIONES—ESCRITURA SOBRE RECTIFICACIÓN DE FINCA INSCRITA—INSCRIPCIÓN POR MENOR SUPERFICIE QUE LA VERDADERA.—No existe regla que permita, ni la buena práctica aconseja, la inscripción de una finca por menos superficie de la verdadera para poderse acoger al límite permitido: si la diferencia es mayor al límite, debe recurrirse a los medios supletorios que la ley autoriza.

NOTA de *Lemuel Márquez,* R. (Caguas), denegando inscripción de escritura de rectificación de finca rústica. *Confirmada.*

*V. Polanco de Jesús,* abogado del recurrente; el Registrador recurrido compareció por escrito.

El Juez. Presidente Señor del Toro, emitió la opinión del tribunal.

Sinforiano Burgos compareció ante el notario público Valentín Polanco de Jesús y le manifestó que era dueño de cierta finca rústica situada en el barrio de Collores, de Barros, de noventa y dos cuerdas, describiéndola; que de ella segregó veintiséis cuerdas que vendió a Valentín Burgos, sin describirlas, y diez y nueve cuerdas veinticinco céntimos que vendió a Monserrate Arroyo, sin describirlas tampoco; que las restantes cuarenta y seis cuerdas setenta y cinco céntimos fueron mensuradas por el ingeniero Juan R. López, de acuerdo con los colindantes, levantándose un plano y averiguándose entonces que en vez de 46.75 existían sesenta y tres cuerdas, describiéndolas; que siendo el exceso más del veinte por ciento, procedía a hacer una nueva descripción de la finca con sólo el veinte por ciento de exceso a fin de que pudiera inscribirse en el registro y lo hizo, resultando entonces la finca de cincuenta y seis cuerdas trece centavos de otra.

Con las manifestaciones de Burgos levantó el notario la escritura No. tres otorgada en Ciales el día 3 de enero de 1927. El documento se presentó para su inscripción en el registro y la inscripción fué negada. No conforme Burgos recurrió para ante este tribunal.

A nuestro juicio tiene razón el registrador. Los motivos de su nota denegatoria están bien fundados. En el registro debe constar la historia clara de las fincas, de sus transferencias y transformaciones, y los datos proporcionados por la parte interesada no son bastante para que la transformación de la finca de que se trata en este caso resulte clara.

En primer lugar se dice en la escritura que la mensura se practicó de acuerdo con los colindantes levantándose por el ingeniero un plano y ni siquiera el plano se presentó en el registro.

En segundo lugar de las dos segregaciones hechas con anterioridad a la mensura sólo una consta inscrita en el registro. De la segunda sólo se sabe por las manifestaciones del otorgante que se segregaron y vendieron a Monserrate Arroyo diez y nueve cuerdas veinte y cinco céntimos. Su descripción no consta.

En tercer lugar un examen de las colindancias revela verdaderas diferencias, como sostiene el registrador, que no se explican de modo alguno. Por ejemplo, la colindancia natural de la finca de 92 cuerdas por el Este con el río Matrullas desaparece en la finca de 63, ó 56.3 a los efectos de la inscripción. El hecho podría explicarse a virtud de las segregaciones, pero se da en la finca resultante de la mensura como colindante por el Este a Ceferino Rosario que no es ni Valentín Burgos ni Monserrate Arroyo compradores de las porciones segregadas. Valentín Burgos aparecía en la finca de 92 cuerdas como colindante por el Oeste y sigue apareciendo así en la de 63, pero Monserrate Arroyo no aparece como colindante por ninguno de los vientos. En la colindancia Norte de la finca de 63 cuerdas figuran dos colindantes más que en la de 92, en la Sur tres más, y dos menos y uno más en la Oeste. Ya hemos indicado el cambio que se observa en la colindancia Este.

Sostiene el apelante que no está obligado a explicar esas variaciones.

Es cierto que generalmente tales variaciones no se explican, bastando decir que colindaba antes con A y ahora con B, o con A, B, y C, lo que ni siquiera se hace en este caso. Pero la explicación es necesaria aquí porque si la práctica y la jurisprudencia han permitido la inscripción de pequeños excesos, llegándose hasta el veinte por ciento, lo ha sido bajo la base de que las colindancias sean las mismas. De otra suerte podrían agruparse fincas no inscritas a fincas ya inscritas alegando un error en la mensura de la finca inscrita,

lo que constituiría una clara violación de la letra y el espíritu de la Ley Hipotecaria.

Además, como sostiene el registrador no ha citado el recurrente ni aparentemente existe regla alguna que permita, ni la buena práctica aconseja que se haga una inscripción como la que el recurrente pretende, esto es, por menos superficie de la que realmente existe para poderse acoger a lo permitido. Si la diferencia es mayor, debe recurrirse a los medios supletorios que la misma ley autoriza.

El argumento de que si se tomara como base la cabida de la primitiva finca entonces el exceso revelado por la mensura no llegaría al veinte por ciento, se vuelve contra el recurrente, pues, como sostiene el registrador en su alegato, ''si ha sido medida sólo una parte no constituye evidencia dicha mensura de la cabida de lo que no ha sido medido, antes bien, cabe la presunción de que lo que sobre en el resto de la finca que fué mensurado, le falte a la cabida de los predios segregados que no han sido medidos.''

No debe olvidarse que son las solas manifestaciones de la parte interesada la única base para realizar en el registro el importante cambio que se solicita.

Si lo que dicha parte interesada manifestó es lo cierto, le será muy fácil acreditarlo con la claridad debida. Eso es todo lo que pretende el registrador y, en tal virtud, *su negativa a inscribir debe confirmarse.*